Paride Fondi et ux.
vs. } Eq. No. 9817.
Thomas Luongo et als.

January 3, 1930.

TANNER, J. This is a bill in equity asking for the cancellation of a deed from the complainants to the respondent Aristide Paoletti and also a deed from the said respondent Paoletti to the respondent Thomas Luongo. The case is heard upon demurrer to the bill.

We do not think it is necessary to cancel the two deeds just referred to. Whatever title the respondent Paoletti obtained by the deed from the complainants to him has merged in respondent Thomas Luongo.

Neither do we think it is necessary to cancel the deed from Paoletti to Luongo since upon the testimony of the said Luongo quoted in the bill, which must be taken as true upon demurrer, the complainants authorized said Luongo to take the property and do as he pleased with it; evidently meaning thereby that he should handle it for the best advantage of the complainants. This the said Luongo appears to have done since he paid charges on the property which the complainants were unable to pay, and we think, under the allegations of the bill, that said Luongo holds said property under a trust to reconvey it to the complainants upon a proper accounting. The deed to Luongo may be held to amount to a mortgage or to an equitable lien on account of expenditures by the said Luongo.

While, therefore, we sustain the demurrer to the prayers of the bill asking that the deed from the complainant to Paoletti and from Paoletti to the respondent Luongo should be cancelled, we think the bill should be retained to compel the accounting asked for in the bill.

For complainants: Pettine, Godfrey & Cambio.

For respondents: Knauer & Fowler, DePasquale & Turano.

Lillian E. Whittaker
vs.
William A. Wells,
Administrator } Law No. 72218.

January 7, 1930.

CARPENTER, J. This is an action of the case brought against the defendant as Administrator of the Estate of Charles E. Barlow, late of Cranston, Rhode Island, deceased, in which cause the jury returned a verdict for the plaintiff in the sum of twenty-three thousand dollars ($23,-000). After verdict the defendant filed a motion for a new trial alleging the usual grounds and also alleging newly discovered evidence. The defendant at the hearing on the motion for a new trial offered no new evidence and the motion was argued by counsel on the evidence presented at the trial.

On May 21, 1926, Charles E. Barlow died at the age of fifty-eight years,

leaving an estate which the inventory and other evidence showed was valued in excess of the plaintiff's verdict. The plaintiff filed claim against this estate and upon disallowance thereof brought suit. In the declaration filed in this cause, the plaintiff in the first count alleged that in the year 1912, and at various times thereafter up to and including the year 1926, the said Charles E. Barlow agreed that if the plaintiff would take up her abode with him and live with him during his lifetime, and render assistance to him in caring for his household, and assist him in his business affairs, that the said Barlow would prepare and execute a will—and would always maintain his financial affairs—so that upon the decease of the said Barlow the plaintiff would become legally entitled to the estate of the said Barlow after payment of his just debts and funeral expenses. The declaration also contained the common counts. The plaintiff was ordered to furnish, and did furnish, a bill of particulars, setting forth an itemized claim which amounted to $26,865. The pleadings filed also presented an issue of the statute of limitations.

The evidence at the trial showed that the plaintiff, Lillian E. Whittaker, was a first cousin of Charles E. Barlow, and that he had no nearer relatives than first cousins; that Lillian E. Whittaker's mother died when she was fourteen months old and that the said Lillian E. Whittaker went to live with the mother of Charles E. Barlow, said Barlow then being about five years of age; that Lillian E. Whittaker was brought up like a sister to said Barlow and lived with Mrs. Barlow until her death in the year 1899; that in 1894, when the plaintiff was fifteen years of age, the said Barlow left the parental home in Norwich, Connecticut, to serve an apprenticeship in Providence, Rhode Island, and that he left his widowed mother in Norwich, Connecticut, with the plaintiff, who, for many years before the death of the mother, worked outside and turned over her money to the mother and assisted her in many ways outside of business hours, such aid and assistance having been given to the mother by the plaintiff at the request of said Barlow, who was then earning but little money in his apprenticeship. The testimony showed that after the death of his mother the said Barlow requested the said plaintiff to come to Providence, and from the time when said plaintiff came to Providence in 1899 until the death of Barlow in 1926, with the exception of about ten years, the plaintiff had always lived with said Barlow; it also appeared that the plaintiff, in addition to the assistance rendered the said Barlow around his house and in his business affairs, had contributed all her earnings from 1913 to 1926 to the said Barlow, and the sum of these earnings, so contributed, the plaintiff in detailed proof fixed at $16,029; it also appeared that the plaintiff had lived with the said Barlow continuously from 1913 until his death in 1926, and there was further testimony that the said Barlow not only had no very friendly relations with other relatives, but on occasions would refuse to see such other relatives. It appeared that neither the said Barlow nor the said plaintiff ever married and that the plaintiff, a woman about fifty-four years of age, had lived with the mother of the said Barlow or with said Barlow for more than forty years of her life; and that during the period of ten years when she was not living with said Barlow she was assisting said Barlow in his business.

The plaintiff testified that repeatedly during this long period of association the said Barlow had promised to make a will if she would come to live with him, and continue to live with him and aid and assist him, the plaintiff

also testified that he had stated that he had made a will leaving everything to her; the plaintiff also gave testimony that on many occasions said Barlow had promised to compensate her for the services she had rendered to his mother and to him, and for the moneys she was contributing to aid and assist him, and the testimony showed that these promises continued to a period two or three years before said Barlow's death.

The testimony of the plaintiff and her attitude and appearance upon the stand impressed the Court with the truthfulness of her story. In addition to this, the plaintiff produced witnesses who corroborated her testimony. Mr. Henry Devron, who was closely acquainted with Charles E. Barlow, testified as to certain statements of the deceased to the effect that the plaintiff was to have all of said Barlow's property, and a Mrs. Skelley, who was a next door neighbor of said Barlow and who knew him for fifteen years and who was ill at the time of the trial, gave a very strong deposition corroborating the plaintiff.

No testimony produced by the defendant was of such nature as to induce the Court to say that the jury was not fully justified in finding a verdict for the plaintiff under the circumstances of the case, and in view of the apparently truthful testimony of the plaintiff and her witnesses.

On the motion for a new trial, the defendant argued that the verdict was excessive. The jury were instructed to first determine the question of the liability and then to determine the fair value of the services or loans which plaintiff rendered or made to the said Barlow. On the matter of the services rendered, the plaintiff gave specific testimony as to the services rendered and stated—in connection with each item of the bill of particulars— that she considered the charge she had made on each item to be a fair and reasonable charge. In the matter of the moneys expended and loaned, the plaintiff gave testimony as to the amounts she had contributed. The defendant produced no testimony to dispute either the reasonableness of the charges for services or the fact that the moneys were expended and loaned as stated by the plaintiff. The jury had no other testimony than that of the plaintiff on the matter of damages and were justified in returning a verdict for the plaintiff in the amount rendered.

On the facts of the case the jury found for the plaintiff and their decision upon the evidence appears to be fair and reasonable under all the circumstances.

The verdict is supported by a fair preponderance of the evidence and the defendant's motion for a new trial is denied.

For plaintiff: Tillinghast & Lynch.

For defendant: Grim Littlefield & Eden.